O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANTHONY GREEN,<br><br>    Petitioner,<br><br>  v.<br><br>RAYMOND MADDEN, *Warden*,<br><br>    Respondent. | Case No. LA CV 17-2846 CAS (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, Respondent's motion to dismiss the Petition ("Motion"), Petitioner's opposition to the Motion ("Opposition"), the Magistrate Judge's Report and Recommendation ("R&R"), Petitioner's objections to the R&R ("Objections"), and the remaining record, and has made a *de novo* determination.

  Petitioner's Objections generally reiterate the arguments made in his Petition and Opposition, and lack merit for the reasons set forth in the R&R. There is one issue, however, that warrants brief discussion here.

  In his Objections, Petitioner appears to ask the Court to stay and abey his federal Petition. [*See* Dkt. No. 16 at 3, 4.]

A district court may stay a habeas corpus petition and hold it in abeyance pursuant to either *Rhines v. Weber*, 544 U.S. 269 (2005) or *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002, *as amended* Jan. 14, 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007). *See King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir.), *cert. denied*, 130 S.Ct. 214 (2009).

A *Rhines* stay and a *Kelly* stay employ different procedural mechanisms:

> The procedure varies depending on whether the petition presents fully exhausted claims, or a mix of exhausted and unexhausted claims. Under *Kelly*, the petitioner amends his petition to delete any unexhausted claims, and the court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Later, the petitioner amends his petition and adds the newly-exhausted claims to the original petition. Under *Rhines*, a court may stay a mixed petition, *i.e.*, one containing exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts.

*Alcaraz v. Giurbino*, 2009 WL 4799333, at *1 (E.D. Cal. Dec. 8, 2009) (internal quotation marks and citations omitted).

Petitioner does not expressly indicate whether he requests a stay pursuant to *Rhines* or *Kelly*. Regardless, the Court finds that a stay would be inappropriate under either procedure. The instant Petition already presents fully exhausted claims since the Petition contains the same claims raised in Petitioner's state habeas petitions. (*Compare* Pet.) *with* [Dkt. Nos. 11-5, 11-7, 11-9]. Furthermore, Petitioner does not identify *any* new habeas claims that he wishes to exhaust in the state courts. (*See generally* Objections.)

//

//

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;

2. Respondent's Motion is granted;

3. Judgment be entered denying the Petition and dismissing this action with prejudice; and

4. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons set forth in the Report and Recommendation and above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; *and* (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.

DATED: April 19, 2018

HON. CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE